889 F.2d 1084
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John H. JOHNSON, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
Consolidation Coal Company, Respondents.
 No. 88-1767.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 28, 1989.
 Decided Oct. 27, 1989.
 
 John H. Johnson, petitioner pro se.
 Melissa K. Reardon Henry, Barbara J. Johnson, United States Department of Labor, David Allen Barnette, Jackson & Kelly, for respondents.
 Before HARRISON L. WINTER, SPROUSE, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 John H. Johnson, a former coal miner, applied for disability benefits as provided under Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. Sec. 901 et seq. (the Act). The administrative law judge (ALJ) found that Johnson had 48 years of coal mine employment, and found invocation of the interim presumption of total disability due to pneumoconiosis under 20 C.F.R. Sec. 727.203(a)(1) based on Stapleton v. Westmoreland Coal Co., 785 F.2d 424 (4th Cir.1986), rev'd sub nom. Mullins Coal Co. v. Director, OWCP, 56 U.S.L.W. 4044 (U.S. Dec. 14, 1987) (No. 86-327). The ALJ further found that rebuttal was established under Sec. 727.203(b)(4), and, accordingly, denied benefits. On appeal, the Benefits Review Board (Board or BRB) found that although invocation of the presumption under Sec. 727.203(a)(1) was improper in light of the intervening decision in Mullins, the ALJ correctly weighed all relevant evidence in finding rebuttal under Sec. 727.203(b)(4) because Johnson did not have pneumoconiosis.
 
 
 2
 Although the ALJ found that the weight of the X-ray evidence was sufficient to establish that Johnson did not have pneumoconiosis, the failure to consider two qualifying pulmonary function studies requires remand.[1] For a claimant of Johnson's height, 71 inches, the FEV[1] value must be equal to or less than 2.6, and the MVV value must be equal to or less than 104 in order to qualify. See Sec. 727.203(a)(2). The evaluations of Drs. Smiddy and Dino produced such qualifying values.
 
 
 3
 Under the Administrative Procedure Act (APA), 5 U.S.C. Sec. 557(c)(3)(A), all ALJ decisions should include a statement of "findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record...." The agency must discharge its duty to consider all relevant evidence. See Jordan v. Califano, 582 F.2d 1333 (4th Cir.1978). We hold that the ALJ erred in failing to consider the pulmonary function studies when he weighed the medical evidence under Sec. 727.203(b)(4). We reverse the ALJ's finding of rebuttal under Sec. 727.203(b)(4). On remand the ALJ shall reconsider whether invocation of the interim presumption is established under each part of Sec. 727.203(a) pursuant to the Mullins standard. If the ALJ finds that Johnson has satisfied Sec. 727.203(a), then, taking all relevant medical evidence into consideration, the ALJ shall consider whether the interim presumption has been rebutted.
 
 
 4
 If on remand the ALJ finds that Johnson is not entitled to benefits under Part 727, he should consider the claim under 20 C.F.R. Sec. 410.490. See Broyles v. Director, Office of Workers' Compensation Programs, 824 F.2d 327 (4th Cir.1987), aff'd, Pittston Coal Group v. Sebben, 57 U.S.L.W. 4029 (U.S. Dec. 6, 1988) (No. 87-1095).
 
 
 5
 Accordingly, we remand for consideration pursuant to this opinion. We find that the dispositive issues have been recently authoritatively decided, and that the decisional process would not be significantly aided by oral argument.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 [1]
 The ALJ's failure to consider the blood gas studies of record is harmless error, since none of them produced qualifying values